5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 REDDINGTON INVESTMENTS INCORPORATED, a Texas corporation and
a General Partner of Ruidoso Inn Limited Partnership;
Bradley A. Near, a General Partner of Ruidoso Inn Limited
Partnership; K. Alan Russell, a General Partner of Ruidoso
Inn Limited Partnership; Plaintiffs-Appellants,
v.
SECURITY PACIFIC CORPORATION, a Delaware Corporation;
Security Pacific Bank, A Delaware Corporation; Security
Pacific Finance Corporation, a Delaware Corporation;
Security Pacific Escrow Services, Incorporated, a Delaware
Corporation; Security Pacific Service Corporation, a
Delaware Corporation; Bim Gander; Mark Mashouri; Raymond
Osgood; K.C. Mead, jointly and severally, Defendants-Appellees.
 No. 92-55451.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1993.
Decided Aug. 20, 1993.
 
 Appeal from the United States District Court for the Southern District of California, DC No. 86-1598-H (LP); M.D. Crocker, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: NOONAN, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs Bradley Near, K. Alan Russell and Reddington Investments appeal from an order of the district court awarding summary judgment to defendants Security Pacific Corporation, Security Pacific Finance Corporation and K.C. Mead.
 
 FACTS
 
 3
 Near, Russell and Reddington Investments, Inc. (collectively "Reddington") were general partners in Ruidoso Inn, which owned a hotel in Ruidoso, New Mexico. The hotel was not profitable and Reddington conceived of a plan to convert it into a time-share project. Reddington enlisted the aid of Peter Sullivan, an expert in the time-share field, to draft the proposal which was subsequently submitted to Security Pacific Finance Corp. ("SPFC") as a loan application. Reddington sought both an acquisition and development loan ("A & D loan") to pay off the existing indebtedness on the property and finance the conversion, and an hypothecation loan to finance the management and marketing of the project. Near negotiated on behalf of Ruidoso Inn with Butler Gander and Mark Mashouri, loan officers of SPFC. SPFC issued both a letter of intent and a commitment letter concerning the two loans.
 
 
 4
 As a condition of the A & D loan, SPFC required a portion of the principal to be paid off each time a unit was sold in order to compensate for the reduction in value of the underlying security. In the letter of intent the release price was set at a flat $2,300 per unit sold. Near became concerned that the $2,300 release price would result in insufficient cash flow since some of the units sold for only $2,500. At the time of the closing of the A & D loan on April 13, 1984, Near and Gander, the bank officer, agreed that the release price should be converted to a percentage to account for the less expensive units. By simple arithmetic, Gander compared the $2,300 figure with the average sale price to arrive at a release fee of 35%. The A & D loan documents were signed on April 13 with the 35% release fee. Reddington guaranteed the loan. Though originally scheduled to close the same day, the hypothecation loan was not closed until June 1984.
 
 
 5
 Time-share sales exceeded projections, but the project failed, allegedly due to insufficient cash flow. Ruidoso Inn filed for bankruptcy protection.
 
 PROCEEDINGS
 
 6
 Ruidoso Inn's trustee in bankruptcy and Reddington filed suit against SPFC and its parent company, Security Pacific Corporation, in July 1986. The complaint included causes of action for breach of the covenant of good faith and fair dealing and breach of fiduciary obligation. The trustee in bankruptcy for Ruidoso Inn reached a settlement with SPFC and withdrew from the case. Because Reddington had no contract with SPFC, the claims based on the contract then were dropped for lack of standing. Reddington proceeded with the tort claims, including fraud, negligence, intentional infliction of emotional distress, and RICO.
 
 
 7
 Magistrate Gonzalez reviewed the two summary judgment motions filed by SPFC. Magistrate Gonzalez recommended that summary judgment be granted on all claims, except the one negligence cause of action based upon SPFC's alleged failure to close the hypothecation loan in time for the 1984 summer time-share marketing season. District Judge John Rhoades made a full review of the record and, agreeing with Magistrate Gonzalez, granted SPFC summary judgment on all but the one negligence claim. Summary judgment was subsequently granted to SPFC on the remaining negligence claim after reassignment of the case to Judge M.D. Crocker. Reddington filed a timely notice of appeal.
 
 ANALYSIS
 
 8
 In the complaint Reddington included several claims for fraud and negligent misrepresentation based upon SPFC's alleged representations concerning the impact of the 35% release fee and its future negotiability. Magistrate Gonzalez found that the alleged misrepresentations were "either true, in compliance with the loan agreements themselves, or were not the subject upon which reasonable reliance could be placed." Assessing Near as a "sophisticated developer" represented by others with extensive experience in the time-share industry, the district court found that the alleged representations by SPFC were not of the type upon which Reddington could or did reasonably rely.
 
 
 9
 Justifiable reliance is determined "in light of the plaintiff's intelligence and experience." Atari Corp. v. Ernst & Whinney, 981 F.2d 1025, 1031 (9th Cir.1992). On appeal Reddington has not specifically directed us to any evidence of justifiable reliance presented to the district court. Because the determination of justifiable reliance ordinarily is a question of fact, we have examined the record to determine the appropriateness of summary judgment on the issue of reliance. Only when reasonable minds can reach no other conclusion may the question of reliance be decided as a matter of law. In moving for summary judgment, SPFC presented evidence of Reddington's experience in real estate investment and development, pointed to the contents of the loan documents and argued that such a plaintiff could not justifiably rely on the alleged representations as a matter of law. In response, Reddington neither contradicted SPFC's evidence nor presented any conflicting evidence. Justifiable reliance is an element of Reddington's claims for fraud and negligent misrepresentation and an issue upon which Reddington would bear the burden of proof at trial. First Interstate Bank of Gallup v. Foutz, 764 P.2d 1307, 1309 (N.M.1988). (New Mexico follows the tort of misrepresentation as set out in Restatement (Second) of Torts Sec. 552(B).) SPFC carried its burden in moving for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Rule 56(e) of the Federal Rules of Civil Procedure thus required Reddington to "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. Reddington failed to do so.
 
 
 10
 Reddington included in its complaint a cause of action of negligent structuring the loan. Relying on Sun 'N Sand, Inc. v. United California Bank, 21 Cal.3d 671 (1978), Reddington argues that SPFC owed it a duty of care due to the foreseeability of the loss. Unlike the facts of Sun 'N Sand, however, any risk inherent in a poorly structured loan was foreseeable to Reddington as well as SPFC. Cf. Id. The release fee and other features of the loan's structure were imposed for SPFC's protection to ensure adequate security for the loan as the time-share units were gradually sold. Reddington was in a position to protect itself against the allegedly harmful release fee by either refusing to sign the loan documents until the effect of the fee was evaluated and the loan terms changed or by walking away from the loan. In addition, SPFC was not an active participant in the Ruidoso Inn time-share project. See Nymark v. Heart Fed. Sav. & Loan Ass'n., 231 Cal.App.3d 1089 (1991). SPFC owed no duty to Reddington in structuring the loan.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3